UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARLOS CORTES ESCAMILLA,<br><br>    Petitioner,<br><br>    v.<br><br>ANDRE GONZALES, Warden,<br><br>    Respondent. | Case No. 2:26-cv-00100-WLH-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

## I.

## INTRODUCTION

On January 2, 2026, the Court received from Carlos Cortes Escamilla ("Petitioner"), a state prisoner proceeding pro se and without paying the filing fee or seeking to proceed in forma pauperis, a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254, seeking to challenge his 1993 state court conviction in Case No. VA014021. Dkt. 1 ("Pet." or "Petition").

As Petitioner concedes, he previously sought federal habeas relief regarding his 1993 conviction. See Pet. at 31 (CM/ECF pagination). Federal records available electronically reflect Petitioner has previously filed at least two federal habeas petitions challenging the same 1993 Los Angeles County

Superior Court conviction. See Escamilla v. Prunty, et al., Case No. 2:96-cv-06270-RMT-CW (C.D. Cal.) ("First Action"); Escamilla v. Newton, et al., Case No. 2:21-cv-01851-CJC-PLA (C.D. Cal.) ("Second Action").[1] The First Action was filed on September 9, 1996 and dismissed with prejudice on June 22, 1998. First Action, Dkt. 1, 23. Both the district court and Ninth Circuit Court of Appeals ("Ninth Circuit") denied certificates of appealability. Id., Dkt. 27, 34. The Second Action was filed on February 26, 2021 and dismissed on April 1, 2021 with prejudice as time barred and for failure to state a cognizable claim. Second Action, Dkt. 1, 6. Again, the district court and Ninth Circuit denied certificates of appealability. Id., Dkt. 6, 10.

      District courts are required to "promptly examine" all federal habeas petitions brought under 28 U.S.C. § 2254 and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the "judge must dismiss the petition[.]" Rule 4, Rules Governing Section 2254 Cases in the United States District Courts; Mayle v. Felix, 545 U.S. 644, 656 (2005). For the reasons set forth below, it appears the Court lacks jurisdiction to consider the Petition as it constitutes a second or successive petition under 28 U.S.C. § 2244(b), rending it subject to dismissal.

## II.
## DISCUSSION

      The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v.

---

[1] Under Fed. R. Evid. 201, the Court takes judicial notice of Petitioner's prior filings in federal court. See United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through [the Public Access to Court Electronic Records]."); Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding).

Cain, 533 U.S. 656, 661 (2001). Title 28, United States Code, Section 2244(b) provides, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
>     (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>     (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>     (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A lack of authorization from the appropriate appellate court to file a second or successive habeas petition deprives the district court of jurisdiction to consider the petition. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (per curiam); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).

Here, Petitioner challenges the same 1993 conviction that he challenged in the First and Second Actions. The First Action was dismissed with prejudice and the Second Action was dismissed with prejudice as untimely and for failure to state a claim. As such, the instant Petition appears to constitute a second and/or successive petition. See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a section 2254 habeas petition as untimely renders subsequent petitions second or successive for purposes of the AEDPA because "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims"); Garcia-Mesa v. United States, 2022 WL 2304230, at *1 (9th Cir. June 27, 2022) (observing that because petitioner's first habeas petition was denied as untimely, which is a merits determination, his current petition challenging the same conviction was second and/or successive). Petitioner must obtain permission from the Ninth Circuit before this Court can adjudicate the issues raised in the Petition. Petitioner has not presented, and this Court has not independently located, any documentation indicating the Ninth Circuit has issued an order authorizing the district court to consider the Petition.

Petitioner's "actual innocence" argument based on 2013 DNA testing does not create an exception to Section 2244(b)'s requirement of first obtaining authorization to file a second or successive petition. See Gage v. Chappell, 793 F.3d 1159, 1167-69 (9th Cir. 2015) (explaining the actual innocence exception in Schlup v. Delo, 513 U.S. 298 (1995) does not excuse a petition from the limitations on second or successive petitions); Johnson v. Diaz, 2020 WL 6381669, at *2 (C.D. Cal. Oct. 30, 2020). As such, the Court appears to lack jurisdiction over the Petition, rendering the Petition subject to dismissal.[2]

---

[2] Additionally, although the Court makes no finding at this time, it also appears the Petition is untimely. As noted, the Second Action was dismissed as

## III.
## CONCLUSION AND ORDER

For the foregoing reasons, the Petition appears subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice by filing a written response by **no later than thirty (30) days from the date of this Order** explaining that the Petition is not a second and/or successive petition or showing that the Ninth Circuit has authorized review of this Petition. If Petitioner contends the Petition is not a second and/or successive petition, Petitioner should clearly explain this and attach any supporting documents.

<u>Alternatively</u>, Petitioner may voluntarily dismiss this action by signing and returning the attached Notice of Dismissal under Federal Rule of Civil Procedure 41(a). <u>The Clerk is directed to provide a Notice of Dismissal form with this Order.</u>

Petitioner is cautioned that a failure to respond timely in compliance with this Order may result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order. <u>See</u> Fed. R. Civ. P. 41(b).

Dated: January 13, 2026

_____
JOHN D. EARLY
United States Magistrate Judge

---

untimely. Petitioner now relies on DNA testing, but this evidence is over 10 years old, and contrary to Petitioner's assertions, this evidence does not appear to "exonerate" him, as the results confirm Petitioner's DNA was found at the crime scene, which Petitioner concedes is consistent with the evidence presented at trial (Pet. at 12). <u>See</u> <u>id.</u>, Exh. A. Such evidence appears insufficient to make a convincing showing of actual innocence. <u>See</u> <u>McQuiggin v. Perkins</u>, 569 U.S. 383, 386 (2013).